AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America <br> v. <br> Carl Winston Ellis, a/k/a "Hubert Simms," <br><br> Defendant(s) | ) ) ) ) ) ) ) <br> Case No. 13-8376-WM |

FILED by _____ D.C.
AUG 2 3 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 8, 2013 APB WM _____ in the county of _____ Palm Beach _____ in the _____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

See attached affidavit of United States Department of Homeland Security, Homeland Security Investigations (HSI), Special Agent Johanna D. Baquerizo.

☑ Continued on the attached sheet.

_____
Complainant's signature

HSI Special Agent Johanna D. Baquerizo
Printed name and title

Sworn to before me and signed in my presence.

Date: 08/23/2013

_____
Judge's signature

City and state: West Palm Beach, Florida

U.S. Magistrate Judge William Matthewman
Printed name and title

## AFFIDAVIT IN SUPPORT OF CARL WINSTON ELLIS CRIMINAL COMPLAINT

I, Johanna D. Baquerizo, a Special Agent (S/A) of the United States Department of Homeland Security, Homeland Security Investigations (HSI), Office of the Assistant Special Agent in Charge, West Palm Beach, Florida, being duly sworn, depose and state as follows:

1. I am a Special Agent with Homeland Security Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE), and have been duly employed in this position since July 2011. Prior to July 2011, I was employed by ICE as a student trainee since April 2009. I received a Bachelor of Arts in Criminal Justice from Florida Atlantic University in 2010.

2. As a Special Agent with the United States Immigration and Customs Enforcement, my duties and responsibilities include conducting criminal investigations of individuals and businesses who have violated federal laws, particularly those laws as found in Titles 8, 18, 19, and 21 of the United States Code. I was hired by the U.S. Department of Homeland Security as a Special Agent and received training at the United States Immigration and Customs Enforcement Academy. My training includes 23 weeks at the Criminal Investigator School, Federal Law Enforcement Training Center, Glynco, Georgia.

3. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to support a federal criminal complaint charging Carl Winston ELLIS (YOB: 1968; a/k/a "Hubert Simms") with violating Title 8, United States Code, Sections 1326(a) and (b)(2), that is, with being a previously deported alien who thereafter enters or attempts to enter the United States, and whose order of deportation followed a conviction for an aggravated felony.

4.  On August 8, 2013, Marine Interdiction Agents (MIA) of a Customs and Border Protection Office of Air and Marine Unit (CBP OAM) who were operating marine interdiction vessel M-772 responded to assist a distressed vessel call that had been received earlier that day. The vessel was identified as a 26-foot "go-fast" style vessel, white in color, bearing Florida registration number FL6930NY. CBP OAM MIA located the vessel approximately 10 miles offshore of Palm Beach County, Florida at 26.43N 079.51W, within the territorial waters of the United States. CBP OAM MIA observed five (5) individuals on deck of the vessel FL6930NY. CBP OAM personnel identified themselves as law enforcement officers and boarded the vessel.

5.  Upon boarding and searching the vessel, CBP OAM personnel observed an unknown number of individuals hiding in the forward compartment of the vessel. The vessel did not contain life preservers for the individuals. CBP OAM MIA immediately provided 15 lifejackets to the individuals. Due to amount of persons onboard and the sea conditions, five (5) individuals were transferred to CBP OAM vessel M772. One of the persons encountered aboard the vessel was later identified as Carl Winston ELLIS, a/k/a "Hubert Simms."

6.  At approximately 1145 hours on August 8, 2013, United States Coast Guard (USCG) vessel 45625 arrived on scene. CBP OAM MIA transferred the ten (10) remaining individuals onto USCG vessel 45625. USCG Boarding Officer, Christopher Susko, asked the subjects where they were headed, and one of the individuals onboard the vessel stated that they were going to West Palm Beach. CBP OAM MIA and Coast Guard officers searched for documents on the individuals and found that none of the individuals had documents allowing them to enter or to be in the United States legally. According to USCG and CBP OAM personnel none of the individuals requested to be returned to the Bahamas – their stated point of

departure. All individuals were taken to USCG Lake Worth Inlet Station for administrative processing where HSI Special Agents responded.

7. During administrative processing it was discovered that Carl Winston ELLIS had a criminal and immigration history in the United States. A review of ELLIS' records was conducted.

8. On or about August 13, 2013, your affiant received the immigration alien file assigned to Carl Winston ELLIS. Records within the alien file assigned to ELLIS show that he is a native and citizen of Jamaica. Records further show that on or about October 26, 1999, Carl Winston ELLIS was ordered removed from the United States. The Order of Removal was executed on or about December 21, 1999, whereby ELLIS was removed from the United States to Jamaica. Thereafter, ELLIS re-entered into the United States illegally and was removed for the second time on June 25, 2004.

9. Records further show that, on or about April 14, 1994, in the Commonwealth of Massachusetts, Suffolk Superior Court, Carl Winston ELLIS, using the alias of "Hubert Simms," was convicted for a violation of the following Massachusetts criminal statues: § 269:010:a – dangerous weapon, possession of gun, no license on person/motor vehicle; § 269:010:h.1 — dangerous weapon, possession/transfer gun/ammo, no ID card; and two (2) counts of violating § 94C:032J – controlled substance/school property in docket number SUC93-11622. Records also show that, on or about June 12, 2001, in the United States District Court for the Western District of New York, ELLIS was convicted of violating Title 8, United States Code, Sections 1326(a) and (b)(2) – reentry after deportation into the United States by an aggravated felon – for which he was sentenced to 46 months' imprisonment and three (3) years supervised release. This is the same charge contained in this Criminal Complaint.

10. Border Patrol Fingerprint Expert John Solek conducted a fingerprint comparison in this case. The fingerprint comparison confirmed that the individual encountered on or about August 8, 2013, that is, Carl Winston ELLIS, a/k/a "Hubert Simms," is the same person previously removed from the United States on or about December 21, 1999 and June 25, 2004.

11. On August 16, 2013, your affiant received the Certificate of Nonexistence of Records pertaining to Alien File Number A076495700 for the alien identified as Carl Winston ELLIS, verifying that, after a diligent search, no record was found to exist indicating that Carl Winston ELLIS had obtained consent from either the Attorney General of the United States or the Secretary of the Department of Homeland Security for re-admission into the United States as required by law.

12. Based on the foregoing, your affiant avers that there exists probable cause to believe that, on or about August 8, 2013, Carl Winston ELLIS, an alien who had previously been deported and removed from the United States, re-entered and attempted to re-enter the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b) (2).

FURTHER AFFIANT SAYETH NOT.

_____
Johanna Baquerizo
Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to before me
this __23rd__ day of August, 2013.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-8376-WM

UNITED STATES OF AMERICA

vs.

CARL WINSTON ELLIS,
a/k/a "Hubert Simms,"

        **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  \_\_\_\_\_ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  \_\_\_\_\_ Yes  _X_ No

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY: _[signature]_
        A. MARIE VILLAFAÑA
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No. 0018255
        500 S. Australian Avenue, Suite 400
        West Palm Beach, FL 33401-6235
        Tel: (561) 820-8711
        Fax: (561) 820-8777
        Ann.Marie.C.Villafaña@usdoj.gov